# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CHADWICK BOARD,<br><br>　　　　　　　Defendant. | 8:17CR111<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 48. Defendant Chadwick Board also submitted a Memorandum with Points and Authorities in Support of his Motion, ECF No. 49.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

Board pled guilty to Counts I and II of a four-count Indictment, charging him with conspiracy to distribute or possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1), and 846 (Count I), and use of a firearm during and in relation to a

drug trafficking crime that may be prosecuted in federal court, in violation of 18 U.S.C. § 924(c)(1)(A) (Count II). In his plea agreement, ECF No. 31, Board agreed that he should be held responsible, beyond a reasonable doubt, for at least 50 grams, but less than 200 grams of a mixture or substance containing methamphetamine. *Id.* at Page ID 65. With respect to the firearm, Board agreed that the following facts were undisputed: A search of his residence "revealed 20 firearms including a Glock 9 mm handgun found near drug paraphernalia indicative of drug dealing." *Id.* at Page ID 63. In his plea agreement, Board also waived his right of appeal. *Id.* at Page ID 67.

Board was sentenced on April 9, 2018, to a term of 77 months incarceration on Count I and five years incarceration on Count II, to be served consecutively, followed by five years of supervised release on Counts I and II, to be served concurrently. His sentence on Count I was at the lowest end of the applicable Sentencing Guideline range of 77 to 96 months, and his sentence on Count II was the statutory mandatory minimum sentence, made consecutive by operation of law.

Board's § 2255 Motion was timely filed and it is his first such Motion. He asserts that his legal counsel was ineffective in three respects: (1) Failure to object to the finding in the Presentence Investigation Report that Board should be held responsible for a total of 187.1 grams of a mixture of methamphetamine, because the quantity determination was based largely on the statements of confidential informants; (2) Failure to argue that the Court should vary downward from the applicable Guideline range on Count I in light of the mandatory consecutive sentence imposed on Count II; and (3) Failure to argue that the Glock 9 mm handgun allegedly used in connection with

the drug trafficking crime was new and still in its box, and therefore could not have been used in furtherance of the drug trafficking offense.

**DISCUSSION**

To establish ineffective assistance of counsel, Board must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

First, with respect to counsel's alleged failure to object to the finding in the Presentence Investigation Report that Board should be held responsible for a total of 187.1 grams of a mixture of methamphetamine, Board ignores the fact that he pled guilty to conspiracy to distribute, or possess with intent to distribute, 50 grams or more of a mixture or substance containing methamphetamine, and that he stipulated in his plea agreement that he was responsible, beyond a reasonable doubt, for at least 50 grams, but less than 200 grams of a mixture of methamphetamine. In view of the plea and the plea agreement, an objection to the factual findings regarding drug quantity in the Presentence Investigation Report would have been senseless and fruitless. His guideline range under the Sentencing Guidelines was not altered by a finding that he

3

was responsible for 187.1 grams of a mixture or substance containing methamphetamine, rather than 50 grams. See U.S.S.G. § 2D1.1(c)(8).

Second, Board argues that his lawyer should have brought to this Court's attention the decision of the United States Supreme Court in *Dean v. United States*, 137 S. Ct. 1270 (2017), and informed this Court that it had the power to vary downward on his sentence on Count I, taking into consideration the mandatory consecutive nature of the sentence on Count II. This Court was aware of the holding in *Dean* and this Court's ability to vary downward from the guideline range on Count I and to consider the mandatory consecutive nature of the sentence on Count II. This Court fashioned a total sentence which it considered to be sufficient but not greater than necessary to satisfy all the sentencing objectives of 18 U.S.C. § 3553(a). Among the factors considered was Board's extensive criminal history, yielding 21 criminal history points.

Third, with respect to Board's firearms, he acknowledged possession of 20 firearms in his home; that the Glock 9 mm handgun was near drug paraphernalia indicative of drug dealing; and that a cooperating witness would state that he had seen Board in possession of a Glock 9 mm handgun during a drug transaction. See Plea Agreement, ECF No. 31 at Page ID 63. He further acknowledged that he "kept my guns, in the garage where the drugs I had for sale to support my own habit were kept." Plea Petition, Filing No. 30 at Page ID 57. His lawyer did not provide ineffective assistance by failing to argue that the Glock handgun was new and boxed, and therefore not likely to have been used or possessed in furtherance of Board's crime of conspiracy to distribute methamphetamine.

## CONCLUSION

The Court cannot conclude that Board's counsel's performance was outside the wide range of reasonable professional assistance or that she made any errors, let alone those so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. Nor can the Court conclude that the result of the proceedings would have been different, but for the alleged deficiencies in counsel's performance.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 48, is denied;
2. A separate Judgment will be entered, denying the § 2255 Motion; and
3. The Clerk will mail a copy of this Memorandum and Order to Defendant at the Defendant's last known address.

Dated this 18th day of April, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge